IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

PROGRESSIVE HAWAII )
INSURANCE COMPANY, )
                                               )
     Plaintiff, )
                                               )
v. ) No.
                                               )
MARKUS INSURANCE AGENCY, INC., )
DON SWEETON and SARAH SWEETON )
                                               )
     Defendants. )

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the Plaintiff, through counsel, and pursuant to Rule 57 of the Federal Rules of Civil Procedure, requests this Court construe and resolve a dispute as to its obligations under certain policies of insurance issued to Don and Sarah Sweeton through Markus Insurance Agency, Inc.

In support of its Complaint, Plaintiff would show:

**PARTIES AND JURISDICTION**

1.       Plaintiff is an insurance company authorized and properly doing business within the State of Tennessee. Plaintiff is an Ohio corporation with its principal place of business in the State of Ohio.

2.       Markus Insurance Agency, Inc., is a Tennessee corporation with its principal place of business in the State of Tennessee. Don Sweeton, Sarah Sweeton are citizens and residents of Lawrence County, Tennessee and no other state.

3.       A substantial part of the events giving rise to this claim for relief occurred within this District.

4. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. There exists complete diversity of citizenship between the parties and this Court may properly exercise jurisdiction over this matter pursuant to Title 28 United States Code section 1332. Venue is appropriate in the District pursuant to Title 28 United States Code section 1391.

## THE UNDERLYING FACTS

6. Don and Sarah Sweeton have secured various property and vehicle insurance coverage through Markus Insurance Agency for approximately thirty years. Over these years, Markus Insurance Agency has placed coverage for the Sweetons with various insurance carriers.

7. One of the policies secured by Markus Insurance Agency for Don and Sarah Sweeton was Progressive Hawaii Insurance Corp., Tennessee Motor Home Policy, policy number 85735706 (hereinafter "the policy"). The policy was written to provide coverage for certain losses that may occur involving Don and Sarah Sweeton's 1993 Prevost H-Series motor home. The coverage was initially placed to begin April 19, 2010 and extend to April 19, 2011. The policy was renewed each consecutive year through April 22, 2013 at 12:01 a.m.

8. Plaintiff notified Defendants of the expiration of the policy by correspondence dated March 15, 2013 and April 7, 2013. Within this expiration notification correspondence, Plaintiff offered to renew the policy upon payment of the renewal premium. Renewal of the policy could have been accomplished by Don and Sarah Sweeton making payment of the requested minimum premium amount of $518.75 by the due date of April 22, 2013.

9. The policy expired by its terms on April 22, 2013, at 12:01 a.m.

10. The policy was not renewed as offered in the correspondence listed in paragraph 8 above.

11. On or about November 1, 2014 Sarah Sweeton notified Mindy Markus, the principal agent and owner of the Markus Insurance Agency, that the 1993 Prevost H-Series motor home owned by Don and Sarah Sweeton had been vandalized by an unknown person. The vandalism was described as the motor home being riddled with bullets. The purpose of the telephone call was to place Markus Insurance Agency on notice of a claim against the policy. The reported value of the vandalism claim is in excess of $75,000.00.

12. Mindy Markus accepted the vandalism report without any discussion of the status of the motor home insurance coverage. However, within the next several days, Mindy Markus notified Sarah Sweeton the insurance coverage on the motor home had in fact expired before the vandalism.

13. Mindy Markus further explained to Sarah Sweeton that there would be no problem reinstating the coverage and that Plaintiff had "put a rush" on reinstatement of the policy retroactively to provide coverage from the date of expiration so there would be no lapse of coverage and the motor home vandalism loss would be considered a covered loss.

14. Mindy Markus further told Sarah Sweeton the Markus Insurance Agency does not typically monitor customer cancellations, except for the Sweetons', and the cancellation of the motor home policy was somehow "missed" by her agency.

15. Subsequent to the discussion referenced in paragraph 12 above, Mindy Markus asked the Sweetons to provide the Markus Insurance Agency with a check in the amount of $518.75. The Sweetons were also asked by Mindy Markus to date the check April 8, 2013. The check, number 5158, was dated and delivered by Don and Sarah Sweeton as requested by the Markus Insurance Agency. Although dated April 8, 2013, the check was actually written after November 1, 2013.

16. Mindy Markus, on behalf of Markus Insurance Agency, attempted to secure reinstatement of the policy by advising Plaintiff the premium that was due prior to expiration had

in fact been paid by Don and Sarah Sweeton before the payment and expiration deadline. This effort by Mindy Markus, on behalf of Markus Insurance Agency, constituted an intentional misrepresentation.

17. Plaintiff received the request for reinstatement of the expired policy. Upon consideration of the application for the policy and as a part of the underwriting process, Plaintiff interviewed Mindy Markus, Don Sweeton and Sarah Sweeton. Based upon the representations of Defendants, Plaintiff created a new policy on November 18, 2013 under policy number 26732679. The new policy was assigned a retroactive commencement date of April 22, 2013 and a policy period of April 22, 2013 to April 22, 2014.

18. At no time during the application process did Markus Insurance Agency, Don Sweeton, or Sarah Sweeton disclose the fact that check number 5158, dated April 8, 2013, had in fact been written and tendered to Markus Insurance Agency after November 1, 2013.

## THE PRODUCER'S AGREEMENT

19. Markus Insurance Agency received its authority to serve as a producing agent for Plaintiff upon entry into a Producer's Agreement with an effective date of December 8, 2005. The Producer's Agreement is attached hereto as Exhibit A.

20. The Producer's Agreement sets forth the contractual rights and obligations existing between Markus Insurance Agency and Plaintiff.

21. The wrongful conduct of Markus Insurance Agency constitutes a breach of the Producer's Agreement.

22. The wrongful conduct of Markus Insurance Agency violates and exceeds the scope of authority granted to Markus Insurance Agency in Article II of the Producer's Agreement.

23. Article X (B) of the Producer's Agreement specifically provides Plaintiff is entitled to be indemnified by Markus Insurance Agency for any losses sustained due to wrongful acts of the Markus Insurance Agency.

## STATEMENT OF CLAIM

24. Policy number 85735706 provides no coverage to Don and Sarah Sweeton for the motor home vandalism claim as it had expired by its terms prior to the occurrence of the motor home damage.

25. The failure of Markus Insurance Agency to disclose the true facts surrounding the back dated check tendered to Markus Insurance Agency after November 1, 2013 and after the occurrence of the motor home damage, constitute a breach of the duty to disclose information material to the risk involved. The failure to disclose the true facts surrounding the back dated check constitutes material misrepresentations that were made with the intent to deceive. The failure to disclose the true facts surrounding the back dated check increased the risk of loss under the policy of insurance.

26. In November 2013, and with knowledge of the expiration of their policy and that no coverage was in force at the time of the occurrence, Defendant Don and Sarah Sweeton back dated the check to April 8, 2013 for presentation to Plaintiff.

27. Defendants secured issuance of policy number 26732679 through their failure to disclose information material to the risk involved. The failure to disclose information material to the risk involved constitutes a material misrepresentation made with the intent to deceive and increased the risk of loss under the policy. As such, policy number 26732679 is void and properly rescinded. Policy number 26732679 provides no coverage for the motor home loss described in paragraph 11 above.

28. The actions of Mindy Markus on behalf of Markus Insurance Agency were made in

violation of the authority granted to her in the Producer's Agreement and she was thus not acting as an agent of Plaintiff in her efforts to secure policy number 26732679.

29.     Pursuant to Article X of the Producer's Agreement, Plaintiff is entitled to indemnity for any losses sustained due to wrongful acts of the Markus Insurance Agency.

**WHEREFORE,** and pursuant to Rule 57 of the Federal Rules of Civil Procedure, Progressive Hawaii Insurance Company brings this Declaratory Judgment action so as to obtain a declaration from the Court as to its rights and obligations under the policies identified herein. Plaintiff requests the Court deem policy number 85735706 expired April 22, 2013 at 12:01 a.m., and policy number 26732679 is void. Plaintiff further requests that Markus Insurance Agency, be deemed liable to Plaintiff for all indemnity payments, costs and expenses, including reasonable attorney fees, incurred as a result of the actions of Markus Insurance Agency detailed herein.

The Plaintiff requests this Court grant it such further, general relief as it may be entitled in these premises.

                                              Respectfully submitted,

                                              **FEENEY & MURRAY, P.C.**


                                              By: /s/John Thomas Feeney
                                                 **John Thomas Feeney**
                                                 BPRN 11482
                                                 Attorneys for Plaintiff
                                                 P.O. Box 198685
                                                 Nashville, Tennessee 37219-8685
                                                 (615) 242-3700